```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
BARRY VALLEN,

                    Plaintiff,           MEMORANDUM & ORDER
                                         15-CV-0703 (JS)(ARL)
       -against-

DR. ROGER BEAU PLAN, DR. BILAL KHAN,
and DR. LEONCIA CARLOTTA,

                    Defendants.
--------------------------------------X
```

APPEARANCES
For Plaintiff:      Barry Vallen, pro se
                    Pilgrim Psychiatric Center Hospital
                    Ward 401
                    998 Crooked Hill Road
                    W. Brentwood, NY 11717

For Defendants:     Lori L. Pack, Esq.
                    Office of the New York State Attorney General
                    300 Motor Parkway, Suite 205
                    Hauppauge, NY 11788

SEYBERT, District Judge:

   Currently pending before the Court in this section 1983 action is a motion filed by Dr. Roger Beau Plan ("Dr. Plan"), Dr. Bilal Khan ("Dr. Khan"), and Dr. Leoncia Carlotta ("Dr. Carlotta" and collectively "Defendants") to dismiss for failure to state a claim (Docket Entry 20). For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

   The Court assumes familiarity with the factual and procedural background of this case, which is set forth in its

Memorandum and Order dated February 4, 2016.  See Vallen v. Plan, No. 15-CV-0703, 2016 WL 482026 (E.D.N.Y. Feb. 4, 2016).

Briefly, Plaintiff is a patient at Pilgrim Psychiatric Center ("Pilgrim") and commenced this action on February 9, 2015. (Compl., Docket Entry 1.)  He alleged that Defendants were deliberately indifferent to his medical needs in connection with a severe back injury.  (Compl. ¶ IV.)  Specifically, he alleged that Defendants, after determining that he was addicted to certain pain medications, decided to stop prescribing those medications. (Compl. ¶ IV.)  He further maintained that he would be in "unbearable" pain without the pain medications.  (Compl. ¶ IV.) He sought $75,000 from Dr. Plan, $25,000 from Dr. Khan, and $25,000 from Dr. Carlotta to compensate him for the alleged violations of his Eighth Amendment rights.  (Compl. ¶ V.)  Additionally, he sought injunctive relief directing Defendants "to end the lowering of [his] medications" and to allow him to see "an outside psychiatrist-psychologist[,] medical doctor[,] and social worker trained in treated trauma."  (Compl. ¶ V.)  On August 11, 2015, Defendants moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry 10.)

On February 4, 2016, this Court granted Defendant's motion in part. Vallen, 2016 WL 482026, at *4.  The Court held that Plaintiff's claims for monetary damages against Defendants in

their official capacities were barred by sovereign immunity and dismissed those claims. Id. at *3. The Court further held that Plaintiff's Complaint failed to state a claim and dismissed the Complaint with leave to amend. Id. at *4. While Plaintiff may have disagreed with the course of treatment, the Court found that the allegations were insufficient to state a deliberate indifference claim. See id. at *4.

THE AMENDED COMPLAINT[1]

On April 22, 2016, Plaintiff filed an Amended Complaint. Plaintiff makes similar allegations in his Amended Complaint, including that: (1) Defendants were "deliberately indifferent to Plaintiff['s] [p]sychiatric and medical need[s];" (2) Plaintiff suffers from a deteriorating "hip condition" which is "well known to Defendants;" (3) Plaintiff "never asked for narcotics . . . [and] would rather have had bed rest;" (4) Defendants and nurses teased Plaintiff; (5) "Due to the Staff[']s deliberate infliction and wanton and vicious abuse of [Plaintiff] . . . Plaintiff even with the medications could not leave a psychological and physical

---

[1] The following facts are taken from the Amended Complaint (Am. Compl., Docket Entry 17) and are presumed to be true for the purposes of this Memorandum and Order. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

state of pain;" and (6) "Defendants were obviously together in a sufficiently culpable state of mind, <u>not</u> being kind or even trying to be kind to Plaintiff." (Am. Compl. at 1-3)[2] (emphasis in original.) Plaintiff contends that he has "silently suffered with vicious and wanton infliction [of pain]" and requests that the Court order an evaluation by an outside doctor as soon as possible. (Am. Compl. at 4.) Finally, he states that he intends to proceed against Defendants in their individual capacities in light of the Court's prior ruling. (Am. Compl. at 5.) The Court construes the Amended Complaint as seeking unspecified monetary damages against Defendants and an order directing that Defendants allow him to be examined by an outside doctor.

DISCUSSION

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, they argue that Plaintiff's allegations fail to state a claim for deliberate indifference to his medical needs. (Defs.' Br., Docket Entry 20-2, at 2-3.) Alternatively, they argue that the Defendants are entitled to qualified immunity. (Defs.' Br. at 3-6.) Defendants also request an order precluding Plaintiff

---

[2] The Court will use the page numbers assigned by the Electronic Case Filing System when referring to the Amended Complaint.

4

from filing additional lawsuits against Pilgrim, or members of its staff, without permission of this Court. (Defs.' Br. at 6-7.)

I. Legal Standard

Rule 12(b)(6) provides that dismissal is appropriate if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the Court must accept all allegations in the Amended Complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S. Ct. at 1950.

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citation omitted). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (noting that the dismissal of a pro se complaint pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotation marks and citations omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citation omitted).

## II. Deliberate Indifference Claim

When a prisoner alleges inadequate medical treatment, he must show "deliberate indifference to [his] serious medical needs"

to establish a constitutional violation.[3]  Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (alteration in original) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)).  Deliberate indifference has an objective component and a subjective component.  Bolden v. Cty. of Sullivan, 523 F. App'x 832, 833 (2d Cir. 2013) (citing Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)).  "'Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration or extreme pain exists.'"  Bolden, 523 F. App'x at 833 (quoting Hathaway, 99 F.3d at 553).  To satisfy the subjective component, "the charged official must act with a sufficiently culpable state of mind, i.e., something more than mere negligence and akin to criminal recklessness."  Id. (internal quotation marks omitted) (quoting Hathaway, 99 F.3d at 553).  The Court notes that disagreement with a course of treatment or allegations of medical malpractice do not rise to the level of a constitutional violation.  Id.; Hathaway, 99 F.3d at 553.

---

[3] As the Court previously held, "[b]ecause Plaintiff was involuntarily committed at the time of the challenged conduct, his deliberate indifference claims are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment."  Vallen, 2016 WL 482026, at *3.  However, courts apply the same standard for deliberate indifference claims brought by non-prisoners under the Fourteenth Amendment and prisoners under the Eighth Amendment.  Id. at *3 n.4 (citing Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009)).

Even assuming arguendo that Plaintiff's pain constitutes a sufficiently serious injury, the Court finds that the Amended Complaint fails to state a claim for deliberate indifference to Plaintiff's medical needs. In his original Complaint, Plaintiff alleged that Defendants decided to stop prescribing certain pain medications after they determined that he may have become addicted to those medications. (Compl. ¶ IV.) This Court held that although those allegations "ma[d]e clear that . . . he may have disagreed with the course of treatment," the allegations failed to state a claim for deliberate indifference to Plaintiff's medical needs. Vallen, 2016 WL 482026, at *4. Plaintiff's Amended Complaint contains substantially similar allegations. Plaintiff alleges that he has a hip condition that causes serious pain and appears to disagree with Defendants' initial decision to prescribe pain medications. (Am. Compl. at 2.)

However, as set forth above, simply disagreeing with a course of treatment does not demonstrate deliberate indifference by Defendants. See Bolden, 523 F. App'x at 833; see also Joyner v. Greiner, 195 F. Supp. 2d 500, 504-05 (S.D.N.Y. 2002) ("It is well established that a difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference. Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred.")

(internal citations omitted). Additionally, Plaintiff's allegations of teasing by medical staff, including that they were "not even trying to be kind" to him, also do not rise to the level of deliberate indifference. See, e.g., Sanchez v. Graham, No. 12-CV-1646, 2016 WL 5854551, at *13 (N.D.N.Y. Sept. 12, 2016), R&R adopted, 2016 WL 5852511 (N.D.N.Y. Oct. 6, 2016) ("[A]llegations regarding the bedside man[ner] of medical staff do not amount to a constitutional violation."). Accordingly, Plaintiff's deliberate indifference claim is DISMISSED.[4]

III. Defendants' Request for an Order Concerning Future Lawsuits

Defendants seek an order barring Plaintiff from filing additional lawsuits against Pilgrim and its employees without leave of court. However, Defendants have failed to provide the Court with adequate information regarding, inter alia, Plaintiff's history of litigation and the outcome of his other cases. A review of the Electronic Case Filing System reveals that Plaintiff has filed six cases in this district, four of which remain pending. As such, the Court finds that the requested order is unwarranted at this time, and Defendants' request is DENIED WITHOUT PREJUDICE.

---

[4] Because Plaintiff's underlying claim lacks merit, the Court need not determine whether Defendants are entitled to qualified immunity.

IV. Leave to Amend

The Second Circuit has held that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), overruled on other grounds, Gonzaga v. Doe, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). See also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "the district court has discretion whether or not to grant leave to amend," and "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Additionally, a district court may deny leave to amend where "there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).

In light of the fact that Plaintiff was previously granted leave to amend his Complaint and the fact that his disagreement with Defendants' treatment plan cannot give rise to a constitutional violation under well-established precedent, leave to amend is DENIED.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket Entry 20) is GRANTED and the Amended Complaint is DISMISSED

WITH PREJUDICE. Defendants' request for an order barring Plaintiff from filing additional lawsuits against Pilgrim or its employees is DENIED WITHOUT PREJUDICE.  The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff. Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: February __14__, 2017  
Central Islip, New York